USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NANCY DEJOIE,

      Plaintiff,     21 cv 6653 (NSR) (JCM)
 -against-

             OPINION & ORDER

ACTING COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION,
      Defendant.
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

  Nancy Dejoie ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying her application for disability insurance benefits ("DIB") under the Social Security Act (the "SSA"). (ECF No. 1.) Plaintiff filed a motion seeking a judgment on the pleadings (Docket No. 10) and Defendant cross moved for similar relief (Docket No. 13). This case was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R&R") to resolve the pending motions.

  Presently before this Court is MJ McCarthy's May 26, 2022 R&R recommending that the Court deny Plaintiff's motion and grant the Defendant Commissioner's cross-motion. For the following reasons, the Court adopts the R&R in its entirety, denies Plaintiff's motion and grants Defendant's cross-motion.

  **Procedural Background**

  Plaintiff filed his initial claim seeking DIB on or about on December 22, 2017, alleging various disabilities. On or about February 27, 2018, Plaintiff's application was initially administratively denied and shortly thereafter, on April 24, 2018, she requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff, represented by counsel, appeared at the hearings

held on August 19, 2019, and January 16, 2020, before ALJ John Carlton. R. 28-83). On April 29, 2020, ALJ Carlton denied Plaintiff's claim. Upon Plaintiff's application, the Appeals Council reviewed the ALJ's determination and denied Plaintiff appeal on June 8, 2021. Plaintiff timely commenced this action on August 6, 2021.

**Standard of Review**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(2), (3*).* However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); accord *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at * 18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

**Disability Benefits**

To be eligible to receive DIB, a claimant must be disabled within the meaning of the Act. See 42 U.S.C. §§ 423(a), (d). To be deemed disable with the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof and must demonstrate his or her disability status by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C.A. § 423 (d)(5)(A); see also *Carroll v. Sec'y of*

3

*Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). A claimant's subjective complaints of pain without more, is insufficient to meet the requisite showing. 42 U.S.C.A. § 423 (d)(5)(A).

When evaluating a claim of disability, the ALJ is required to undertake a five-step procedure set out in the regulations governing the administration of Social Security benefits. 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). If not, the second step requires the ALJ to consider whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment meets or equals one on the List of Impairments. *Id*. If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled "without considering the [claimant's] age, education, and work experience." *Id.* At the fourth step, the ALJ must consider the claimant's residual functional capacity ("RFC') and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled (see paragraphs (f) and (h) of this section and § 404.1560(b)). *Id.* Lastly, if claimant is disabled, the ALJ must determine he or she is capable of performing any other work. 20 C.F.R. § 404.152(a)(4)(v). With respect to the last step, the burden shifts to the Commissioner. *Id.*

**Discussion**

To date, despite the passage of more than fourteen (14) days since the issuance of the R&R, Plaintiff has failed to file a timely objection. Accordingly, the Court reviews the R&R for clear error. Upon a careful review of MJ McCarthy's well-reasoned R&R, the Court finds no clear error. As more fully detailed in the R&R, there is substantial evidence in the administrative record to support the ALJ's determination that Plaintiff did not have an impairment or

combination of impairments that met the statutory definition of a disability. Accordingly, Defendant's motion is granted.

**Conclusion**

Based on the foregoing, the Court adopts the R&R in its entirety. Plaintiff's motion for judgment on the pleadings is DENIED and Defendant's motion for judgment on the pleadings is GRANTED. The Clerk of the Court is respectfully directed to enter judgment in favor of the Defendant, to terminate the motions at ECF Nos. 10 and 13, and to close this case.

Dated: September 30, 2022             SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge